**Opinion filed August 19, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00172-CR

_____

## PAUL WAYNE PALMER, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2
Taylor County, Texas
Trial Court Cause No. 2-285-20**

## M E M O R A N D U M   O P I N I O N

Appellant filed an untimely notice of appeal from a conviction for the offense of criminal trespass. We dismiss the appeal.

The documents on file in this case indicate that Appellant's sentence was imposed on June 18, 2021, and that his notice of appeal was filed in the district clerk's office on August 9, 2021. When the appeal was filed in this court, we notified Appellant that the notice of appeal appeared to be untimely—as it was due to be filed

on or before July 19, 2021. We also informed Appellant that the appeal may be dismissed for want of jurisdiction, and we requested that Appellant respond to our letter and show grounds to continue.

In response to this court's letter, Appellant's counsel submitted a motion to dismiss the appeal. Because the motion was not signed by Appellant and was instead signed by counsel only, *see* TEX. R. APP. P. 42.2(a), this court filed the motion as a response to our letter. In the response, counsel agrees that the notice of appeal was not timely filed; counsel states that he was unaware of the relevant dates at the time that he was appointed to represent Appellant on appeal. Counsel indicates that he may pursue a writ relating to the inadvertent late filing of the notice of appeal. In that regard, counsel has requested that we dismiss this appeal and expedite the issuance of mandate.

Pursuant to TEX. R. APP. P. 26.2(a), a notice of appeal is due to be filed either (1) within thirty days after the date that sentence is imposed in open court or (2) if the defendant timely files a motion for new trial, within ninety days after the date that sentence is imposed in open court. A notice of appeal must be in writing and filed with the clerk of the trial court. TEX. R. APP. P. 25.2(c)(1). The documents on file in this court reflect that Appellant did not file a motion for new trial and that his notice of appeal was not filed with the clerk of the trial court until fifty-two days after the sentence was imposed. The notice of appeal was therefore untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

Accordingly, this appeal is dismissed for want of jurisdiction. Pursuant to Appellant's request, the mandate of this court shall be issued in an expedited manner. *See* TEX. R. APP. P. 18.1(c).

PER CURIAM

August 19, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.